IN THE CIRCUIT COURT OF THE 10th
JUDICIAL CIRCUIT IN AND FOR
POLK COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO: 2018CA000872000000

NALCREST FOUNDATION, INC.,

    Petitioner,

v.

LANDMARK AMERICAN INSURANCE
COMPANY,

    Respondent.
_____/

### AMENDED PETITION TO COMPEL APPRAISAL PURSUANT TO INSURANCE POLICY AND PETITION FOR DECLARATORY RELIEF

Petitioner, NALCREST FOUNDATION, INC. (hereinafter "Nalcrest"), hereby files this Amended Petition to Compel Appraisal pursuant to the Insurance Policy and Petition for Declaratory Relief against Respondent, LANDMARK AMERICAN INSURANCE COMPANY (hereinafter "Insurance Company"), and alleges:

### GENERAL ALLEGATIONS

1. This is an action for declaratory action pursuant to Chapter 86, Fla. Stat. seeking a declaration of rights and duties of the parties to the insurance contract and Florida law within the jurisdictional amount of the court.

2. At all material times, the Petitioner's property is located in Polk County, Florida, the loss occurred in Polk County, and the policy of insurance was issued in Polk County, Florida.

3. At all times material hereto, the Respondent is a company set up to engage in the business of entering into contracts of insurance and is licensed to do, and is doing, business in Polk County, Florida.

1

EXHIBIT C

4. The parties entered into an insurance contract and/or policy, bearing policy number LHD901495. (A true and correct copy of the declaration page and insurance policy attached hereto and marked as Petitioner's Exhibit "A").

5. At all times material hereto, the policy of insurance above-referenced provided coverage for the property located in Polk County, FL 33756, for a covered loss due to Hurricane Irma.

6. On or about September 10th, 2017 the Petitioner suffered a Hurricane Irma loss involving damage to the property located in Polk County, FL 33756.

7. Respondent acknowledged coverage for these losses (assigned claim number 7030115237), admitted liability for an un-agreed amount through partial payment addressed hereinafter, and irrevocably waived the requirement of the filing of a sworn proof of loss and other pre/post loss obligations.

8. Petitioner filed sworn proofs of loss and substantially complied with all pre/post loss obligations under the policy to proceed to appraisal or said conditions were irrevocably waived by Respondent, Insurance Company.

9. The policy of insurance contains the right of appraisal to the Petitioner in the event of a dispute over the amount of the loss.

10. The policy of insurance specifically provides a mandatory alternative dispute resolution mechanism for prompt resolution of the subject claim as follows:

> 2. Appraisal
> If we and you disagree on the value of the property or the amount of loss either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of

loss. If they fail to agree, they will submit the differences to the umpire. A decision agree to by any two will be binding. Each party will:
a.  Pay its chosen appraiser; and
b.  Bear the other expenses of the appraisal and umpire equally.
If there is an appraisal, we will still retain our right to deny the claim.

11. The appraisal provision is binding on all parties and once either makes a written demand the other party "will" select a competent and impartial appraiser. The two appraisers will then select an umpire and the claim will proceed to appraisal in accordance with the afore-mentioned appraisal provision.

12. The insurance policy drafted by the Respondent, Insurance Company, does not define what constitutes a "competent and impartial appraiser", however, the case law referenced hereinafter would govern whether the parties' designated appraiser meets the requisite criteria.

13. The governing appraisal provision in the Respondent's Insurance Policy only requires either party to make a "written demand for an appraisal of the loss" and there is no other written instrument and/or document that is required to place the claim into appraisal.

14. After the Petitioner hereinafter made a written demand for an appraisal of the loss and each party designated their appraiser and the designated appraisers agreed upon an umpire, the subject Hurricane claim was technically in appraisal and governed solely by the appraisal provision contained with the Insurance Policy.

15. In the case sub judice, the Respondent, Insurance Company, after performing a full and complete investigation, determined that the whole loss and damage was $603,560.63 and forwarded and attempted to require the Petitioner to execute a sworn proof of loss in the net amount of $66,128.23. (A true and correct copy of the sworn POL forwarded to the Petitioner, Nalcrest, is attached and marked as Petitioner's Exhibit "B").

16. On or about 2/1/18, Respondent, Insurance Company, reiterated their acknowledgement of coverage for the loss as a whole and forwarded the undisputed amount of loss as unilaterally determined by Respondent, Insurance Company, in the amount of $66,128.23 (without any enclosure letter.) (A true and correct copy of this payment made by Respondent in the amount of $66,128.23 is attached hereto and marked as Petitioner's Exhibit "C").

17. Despite the Respondent, Insurance Company, irrevocably waiving the requirement that the Petitioner file sworn POL(s) and other policy conditions by admitting liability in some un-agreed amount (made partial payment as referenced above) Petitioner forwarded Sworn Proof(s) of Loss relative to damages sustained to Petitioner's buildings and loss of business income. (A true and correct copy of the Sworn Proof(s) of Loss are attached hereto and marked as Petitioner's Composite Exhibit "D").

18. As Respondent and Petitioner disagreed on the value of the property or the amount of loss, pursuant to the appraisal clause within the Insurance Policy (there was a dispute as to the amount of loss), Petitioner made a written demand for an appraisal of loss and named their appraiser. (A true and correct copy of the appraisal demand submitted with the POL(s) is attached and marked as Petitioner's Exhibit "E").

19. In response to the Petitioner's written designation of its appraiser, Respondent, Insurance Company, named their appraiser. (A true and correct of the Respondent's correspondence designating an appraiser is attached and marked as Petitioner's Exhibit "F").

20. On or about March 3, 2018, pursuant to the appraisal clause within the subject Insurance Policy, the two appraisers designated by the parties selected an umpire. (The appraisers' agreement as to the umpire is attached and marked as Petitioner's Exhibit "G").

21.     As of March 3, 2018 pursuant to the specific dictates of the Insurance Policy, the subject Hurricane Irma claim was formally in appraisal and the appraisers were required to "state separately the value of the property and amount of loss" and "if they fail to agree, they will submit their differences to the umpire." (See appraisal clause within the policy previously marked as Petitioner's Exhibit "A").

22.     Although the only written document required by the policy to proceed to appraisal was the "written demand for an appraisal," Petitioner forwarded the "Selection of Umpire" form to the Respondent's appraiser pursuant to the agreement of the designated appraisers, however, the Respondent has failed and refused to have its appraiser execute the aforementioned document and proceed to appraisal in breach of the insurance policy. (A true and correct copy of the "Selection of Umpire" form is attached and marked as Petitioner's Exhibit "H").

23.     The Petitioner has performed all conditions precedent/subsequent to proceed to appraisal under the aforementioned policy and to the bringing of the instant action, and/or the Respondent has waived said conditions.

PETITION TO COMPEL APPRAISAL PURSUANT TO THE INSURANCE POLICY

Petitioner re-adopts and re-alleges paragraphs 1 through 23 as if fully set forth herein and further states:

24.     On or about September 10, 2017, Petitioner, Nalcrest, suffered losses and/or damages due to Hurricane Irma that were covered under the insurance policy issued by the Respondent, Landmark American Insurance Company. (A true and correct copy of the insurance policy that was in full force and effect and provided coverage for the subject loss is attached and marked as Petitioner's Exhibit "A").

5

25. The aforementioned insurance policy provided an alternative dispute resolution process referred to as appraisal if there is a disagreement on the value of the property or amount of the loss between the respective parties herein.

26. Petitioner properly invoked the appraisal clause and both the Petitioner and Respondent named their appraisers and agreed upon an umpire to preside over the appraisal process as of March 3, 2018.

27. The Respondent has failed to comply with the policy of insurance and/or allow the appraisal process to be utilized to set the amount of loss as to all damages sustained to Petitioner's property in accordance with the subject policy of insurance.

28. Respondent has improperly and without any legal justification unilaterally terminated the appraisal process and/or instructed their appraiser not to proceed to appraisal in accordance with the specific dictates of the appraisal clause contained within the subject insurance policy.

29. Further, as the Respondent has failed to full indemnify the Petitioner as to the full amount of its losses, the Petitioner requests this court to compel appraisal and require its completion within 60 days and require Respondent's appraiser to execute the "Selection of Umpire" form utilizing the mutually agreed upon neutral umpire.

30. Due to the Respondent's conduct, the Petitioner has been obligated to retain the undersigned counsel to bring this action and, pursuant to Florida Statutes §627.428 and others, undersigned counsel is entitled to any attorney's fee in the matter to be paid by the Respondent.

WHEREFORE, the Petitioner, NALCREST FOUNDATION, INC., prays for the Court to compel appraisal as per the insurance policy; require the Respondent's appraiser to execute the "Selection of Umpire" form and require appraisal to be completed within 60 days; to

subsequently confirm any appraisal award and award costs, prejudgment interest and attorney's fees to the Petitioner herein; and a reservation of jurisdiction to enter such further orders as may be required to enforce the Court's declaration of the parties' rights and to determine any disputes that may arise.

## PETITION FOR DECLARATORY RELIEF AS TO LANDMARK AMERICAN
### (POLICY CONSTRUCTION)

Petitioner re-adopts and re-alleges paragraphs 1 through 23, 30 and as if fully set forth herein and further states:

31. This is a count for declaratory relief pursuant to Chapter 86, Florida Statutes, and the Court's general equity powers.

32. Declaratory relief is proper to determine whether the rights, duties, and obligations of the parties relative to the subject insurance. (A true and correct copy of the insurance policy that was in full force and effect and provided coverage for the subject loss is attached and marked as Petitioner's Exhibit "A").

33. There is a practical need for a declaration of Petitioner's rights under the policy to determine whether the Respondent, Insurance Company, has failed to comply with the appraisal clause provision in unilaterally terminating appraisal and placing conditions and/or obligations upon Petitioner that are not contained within the policy or Florida Law.

34. There is a practical need for a declaration of Petitioner's rights under the policy to determine whether the Respondent, Insurance Company, is in breach of the insurance policy and/or repudiated their duties and therefore the non-breaching party, the Petitioner would be relieved of its duties under the policy of insurance.

35. The determination of rights, duties, and obligations of the parties would depend upon ascertained or readily ascertainable facts pertaining to Respondent's refusal to proceed to appraisal and unilaterally terminating appraisal when Respondent has complied with all conditions precedent to appraisal.

36. Petitioner and the Respondent, Insurance Company, have a present interest in a determination of the validity of the Respondent's position that Petitioner selected an appraiser that is not impartial within the meaning of the policy provision because his fee is contingency based, despite Respondent's appraiser being hired and working for the same adjusting company that is handling the claim of behalf of Respondent, Insurance Company.

37. It is undisputed that Respondent drafted this illusory contract and chose not to define the terms "competent and impartial" and the case-law holds that Petitioner's appraiser is fully qualified to act as their appraiser.

38. It is undisputed that Respondent's appraiser never objected to Petitioner's appraiser and was informed that his remuneration was contingency-based and further agreed upon an umpire to preside over the appraisal. It was only when the defense counsel became involved, after the claim was in appraisal, that any objection was raised and the appraisal was improperly and unilaterally terminated by counsel for the Insurance Company.

39. The Third District Court of Appeals in *Galvis v. Allstate Insurance Co.*, 721 So. 2d 421 (Fla. 3rd DCA, 1998), specifically held that plaintiff's contingent fee designated appraiser is fully qualified under a similar insurance clause as long as there is full disclosure. The terminology in Galvis, supra, was a "competent and disinterested appraiser." The terminology in the case sub judice is "competent and impartial." The insurance policy drafted by Respondent does not define either term and term "disinterested "is analogous to term "impartial."

8

40. Additionally, the Third District Court of Appeals in *Rios v. TriState Insurance Co.*, 714 So.2d 547 (Fla. 3rd DCA, 1998), held that a contingent fee appraiser is fully qualified to act as an appraiser where the policy states the appraiser to be "competent and independent." Once again, "independent" and "impartial" are synonymous and if the insurance company wished to define these terms and/or disallow contingency fee arrangements for insured's appraisers, they could have done so in their policy of insurance.

41. Respondent's attempt to avoid appraisal and/or improperly terminate appraisal would constitute a breach of the insurance contract and relieve the non-breaching party from any further obligations under the policy. As such, there is a need for the court to declare the rights, duties, and obligations of the parties herein.

42. Respondents, after suit was filed and after the claim was placed into appraisal, forwarded correspondence dated March 21, 2018 to the Petitioner, Nalcrest, demanded that the Petitioner appear for an Examination Under Oath in Lake Wales and, additionally, demanded that Petitioner find a new appraiser as Petitioner's designated appraiser fails to meet the definition of impartial. (A true and correct copy of the Respondent Insurance Company's demand for an Examination Under Oath is attached and marked as Petitioner's Exhibit "I").

43. Respondent, Insurance Company, after agreeing to proceed to appraisal, after agreeing to the appraisers designated by the parties, after agreeing to a neutral umpire, and after all conditions precedent to appraisal have been complied with or waived, now seeks to set aside and disregard the appraisal provision and conduct an Examination Under Oath of the Petitioner insured to further stall paying the insured their rightful insurance proceeds.

44. The case-law specifically holds that the Examination Under Oath, in order to be a condition precedent must be requested before the suit is filed. *Willis v. Huff*, 736 So.2d 1272

(Fla. 4th DCA, 1999). It is undisputed that this Examination Under Oath request was sent after the suit was filed and after the claim was in appraisal.

45. The case-law specifically holds once an insurance company admits liability in some, un-agreed amount, the Insurance Company irrevocably waives the filing of a proof of loss and other policy conditions and the time begins to run to proceed to appraisal.

46. The conduct of the Respondent is clearly in breach of the insurance policy and Florida law and would relieve Petitioner from any further policy compliance.

47. Petitioner wants Respondent, Insurance Company, to be in compliance with their policy and Florida law and does not want to be subjected to the whim of the Insurer or its attorneys, in regard to policy interpretation and requirements or in regard to Respondent, Insurance Company's obligations to abide by Florida law.

48. Due to Respondent, Insurance Company's actions, Petitioner is unsure of their rights and status in regard to the policy provisions, and Petitioner seeks a declaration of those rights and status.

49. Petition believes there are certain contractual obligations of Respondent, Insurance Company, that exist in the subject policy and Florida law that the Respondent is using an improper policy interpretation to avoid its obligation to proceed to appraisal.

50. It is necessary in the interest of justice that the Court determine the matters herein and the interpretation of the Respondent, Insurance Company's policy so that the Petitioner knows how to proceed and so that the Insurance Company be required to act in accordance with the correct interpretation of the Insurance Policy.

51. Respondent, Insurance Company's incorrect interpretation of the subject policy and misapplication of Florida law has created the need for a declaration by the Court on the following issues:

    A. Whether the Petitioner properly invoked appraisal and the Respondent must proceed to appraisal;

    B. Whether the Petitioner's designated appraiser is qualified under the insurance policy and Florida law;

    C. Whether Respondent is required to execute the "Selection of Umpire " or that this is not required for appraisal to proceed under the policy;

    D. Whether Respondent breached the insurance contract thus, relieving the Petitioner of any further duties/obligations under the insurance policy;

    E. Whether the Petitioner must attend the Examination Under Oath, despite not being requested until after the claim was in appraisal and the suit was filed;

    F. Whether Respondent waived the right to demand an Examination Under Oath as it was demanded after suit was filed and coverage for the loss as a whole was acknowledged and the only dispute is the amount of loss to be determined in appraisal;

    G. Whether the Petitioner has complied with all conditions precedent for appraisal and/or said conditions have been waived by the Respondent, Landmark American;

    H. Whether Petitioner is entitled to an award of attorney's fees for having to bring the instant action.

2018CA-000872-0000-00   Received in Polk 03/26/2018 08:00 AM

52. Pursuant to the Declaratory Judgment Statute, this Court has the jurisdiction and power to construe the relations that are affected by the construction of the Respondent, Insurance Company's policy and issue a declaratory decree/judgment in regard to the same.

53. Accordingly, the Petitioner has filed this request for declaratory relief seeking the Court's construction of the Respondent, Insurance Company's policy as well as the proper application of Florida law and further requests that this Court retain jurisdiction after such determination to enforce its decree as may be required.

WHEREFORE, the Petitioner, NALCREST FOUNDATION, INC., prays for the Court to issue declaratory relief relative to the above-referenced issues in Petitioners favor; and enter a declaration of the parties' rights, duties and obligations under the Insurance Company's policy and Florida law as pled herein; and a reservation of jurisdiction to enter such further orders as may be required to enforce the Court's declaration of the parties' rights and to determine any disputes that may arise.

Dated this 23rd day of March 2018.

ROTH & SCHOLL
Attorneys for Petitioner
866 S Dixie Highway
Coral Gables, FL 33146
Telephone: (305) 662-4141

MINTZ, TRUPPMAN, P.A.
Attorneys for Petitioner
1700 Sans Souci Boulevard
North Miami, FL 33181
Telephone: (305) 893-5506

By: _____
Keith A. Truppman, Esq.
ktruppman@mintztruppman.com
Florida Bar No: 473715